THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Erik Castro,<br><br>     Plaintiff,<br><br>– against–<br><br>Verizon Wireless and Trans Union, LLC,<br><br>     Defendants. | Civil Action No.<br><br>**COMPLAINT** |

## **COMPLAINT**

Plaintiff, Erik Castro, by and through his attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, complaining of the Defendants, Verizon Wireless ("Verizon") and Trans Union, LLC ("Trans Union") hereby alleges as follows:

## **INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (the "FCRA"), the New York Fair Credit Reporting Act, NY CLS Gen Bus § 380, et seq. ("NY FCRA"), and other claims related to unlawful credit reporting practices. The FCRA and NY FCRA prohibit furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

## **PARTIES**

2. Plaintiff, Erik Castro, is an adult residing in Diamondhead, MS.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA and N.Y. GBS. LAW § 380-a(b) of NY FCRA.

4. Defendant, Verizon is a business entity that furnishes consumer credit information to consumer reporting agencies ("CRAs").

5. Defendant, Trans Union is a limited liability company, doing business throughout the country and in the state of New York. Defendant Trans Union is one of the largest CRAs in the world.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in New York.

**FACTUAL ALLEGATIONS**

8. Defendant Verizon issued an account ending in 0001 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined

by 15 U.S.C. § 1681a(d)(1) of the FCRA and N.Y. GBS. LAW § 380-a(c)(1) of the NY FCRA.

10. On or about October 29, 2018, Plaintiff and Verizon entered into a settlement agreement for the above referenced account. A recording of the settlement agreement is available upon request.

11. Pursuant to the terms of the settlement, Plaintiff was required to make a lump sum payment totaling $368.00 to settle and close his Verizon account.

12. Plaintiff, via his debt settlement representative, timely made the settlement payment.

13. However, over two years later, Plaintiff's Verizon account continued to be negatively reported.

14. In particular, on a requested credit report dated March 16, 2021, the account was reported with a status of "COLLECTION", a balance of $367.00, and a past due balance of $367.00.  The relevant portion of Plaintiff's March 2021 credit report is attached hereto as **Exhibit A**.

15. This trade line was inaccurately reported; as explained above, the account was settled and paid in full, and as such, must be reported as settled with a $0 balance.

16.  On or about April 07, 2021, Plaintiff, via counsel sent a letter to the Defendants requesting the tradeline to be corrected. A redacted copy of this letter is attached hereto as **Exhibit B**.

17. Therefore, Plaintiff has disputed the accuracy of the derogatory information reported by Verizon to the Credit Reporting Agencies in accordance with 15 U.S.C. § 1681i of the FCRA and N.Y. GBS. LAW § 380-f of the NY FCRA.

18. In June of 2021, Plaintiff requested an updated credit report from each Defendant credit reporting agency. The trade line for the Verizon account in question remained inaccurate as Defendants failed to correct the inaccuracy. The June 2021 credit report is attached hereto as **Exhibit C**.

19. Trans Union did not notify Verizon of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Verizon and Verizon failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

20. If Verizon did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Verizon account would be updated to reflect a settled status with a $0 balance.

21. Verizon has promised through its subscriber agreements or contracts to accurately update accounts, but Verizon has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA and NY FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

22. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and the FCRA. These violations occurred before, during, and after the dispute process began with Trans Union.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of the

employment, and under the direct supervision and control of the Defendant herein.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **FIRST CAUSE OF ACTION**
(Fair Credit Reporting Act)

25. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

26. Trans Union is a "consumer reporting agency" as codified at 15 U.S.C. § 1681a(f).

27. Verizon is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28. Verizon is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29. Plaintiff notified Defendants directly of a dispute on the Verizon account's completeness and/or accuracy, as reported.

30. Verizon failed to update Plaintiff's credit report and/or notify the credit bureaus that the Verizon account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

31. Verizon failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff or the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

32. Verizon failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

33. Trans Union failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

34. Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

35. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, lower credit capacity, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, embarrassment caused by necessity of obtaining a co-signer on mortgage, higher interest rates on loans that would otherwise be affordable and other damages that may be ascertained at a later date.

36. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

## SECOND CAUSE OF ACTION
(New York Fair Credit Reporting Act)

37. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

38. Trans Union failed to delete information found to be inaccurate, reinserted the information without following the NY FCRA, or failed to properly investigate Plaintiff's disputes.

39. Trans Union failed to promptly re-investigate and record the current status of the disputed information and failed to promptly notify the consumer of the result of the investigation, decision on the status of the information, and her rights pursuant to this section in violation of NY FCRA, N.Y. Gen. Bus. Law § 380-f(a).

40. Trans Union failed to clearly note in all subsequent consumer reports that the account in question is disputed by the consumer in violation of NY FCRA, N.Y. Gen. Bus. Law § 380-f(c)(3).

41. As a result of the above violations of the NY FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, lower credit capacity, denial of credit, embarrassment and Plaintiff suffered actual damages in one or more of the following categories: lower credit score, lower credit capacity, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, embarrassment caused by necessity of obtaining a co-signer on mortgage, higher interest rates on loans that would otherwise be affordable and other damages that may be ascertained at a later date.

42. As a result of the above violations of the NY FCRA, Trans Union is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;
2) That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;
3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;
4) That judgment be entered against Trans Union for actual damages pursuant to N.Y. Gen. Bus. Law § 380-m;
5) That the Court award costs and reasonable attorney's fees pursuant to N.Y. Gen. Bus. Law § 380-m; and
6) That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

**Law Offices of Robert S. Gitmeid & Associates, PLLC**
*/s/ Adham M. Elsayed*
Adham M. Elsayed, Esq.
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel: (866) 249-1137
Fax: (877) 366-4747
Email: Adham.E@gitmeidlaw.com
*Attorneys for Plaintiff*